IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-23-0466 |
| DORIAN HENRY, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Pending before the Court is a Motion for Exclusion of Time from Speedy Trial Computations. (ECF No. 22.) The Court will grant the Motion in part as specified below and will seek additional input from the parties.

### I. *Factual and Procedural Background*

An indictment was filed against Dorian Henry on December 19, 2023. (ECF No. 1.) He is charged with possession of a firearm by a prohibited person. (*Id.*) His initial appearance was on January 17, 2024. (ECF No. 6.)

On January 26, 2024, the Government filed a Motion for Exclusion of Time, which sought the exclusion of January 17, 2024 through March 17, 2024. (ECF No. 14.) The Motion was granted on January 29, 2024. (ECF No. 17.) On March 8, 2024, the Government filed another Motion for Exclusion of Time, which sought the exclusion of March 17, 2024 through May 17, 2024. (ECF No. 20.) The Court granted this Motion on March 18, 2024. (ECF No. 21.)

Now pending is another Motion for Exclusion of Time, which was filed on May 22, 2024. (ECF No. 22.) In it, the Government explains that it "requests an additional toll from May 17, 2024 through July 17, 2024" and that "[c]ounsel for the Defendant does not object to a 60-day

exclusion from May 20, 2024 moving forward" but that "[c]ounsel for the Defendant does not consent to a retroactive exclusion of time." (*Id.*)

## II. Speedy Trial Act

The Speedy Trial Act generally requires a criminal trial to begin within seventy days of the filing of an indictment or the defendant's initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). The Act provides for the exclusion of certain delays when computing this seventy-day period. 18 U.S.C. § 3161(h). Some periods of delay are automatically excludable (and thus may be excluded without district court findings), while others are "excludable only if the district court makes certain findings enumerated in the statute." *Bloate v. United States*, 559 U.S. 196, 203 (2010) (citing 18 U.S.C. § 3161(h)(7)). 18 U.S.C. § 3161(h)(7) provides that a court may grant an "ends of justice" continuance. "[T]ime spent engaging in plea negotiations is not automatically excluded under the Act." *United States v. Hart*, 91 F.4th 732, 739 (4th Cir. 2024). Rather, the delay caused by time spent engaging in plea negotiations may be excludable under 18 U.S.C. § 3161(h)(7). *See id.* at 739–40.

The Fourth Circuit has "made clear that the district court may not grant an ends of justice continuance *nunc pro tunc*." *United States v. Keith*, 42 F.3d 234, 237 (4th Cir. 1994). The Fourth Circuit has explained that "*nunc pro tunc* or retroactive continuances that are made after the expiration of the time within which the defendant should have been tried for reasons the judge did not consider before lapse of the allowable time are inconsistent with the Act." *United States v. Carey*, 746 F.2d 228, 230 (4th Cir. 1984). Further, several other circuit courts have explained that a continuance must be granted before the period sought to be excluded begins. *See United States v. Suarez-Perez*, 484 F.3d 537, 542 (8th Cir. 2007) ("[T]he district court should not enter an 'ends of justice' continuance after the period sought to be excluded begins to run."); *United States v.*

2

*Brenna*, 878 F.2d 117, 122 (3d Cir. 1989) (explaining that "an ends of justice continuance . . . cannot be entered nunc pro tunc" and "[t]he order continuing the case must be entered before the days to be excluded"); *United States v. Janik*, 723 F.2d 537, 545 (7th Cir. 1983) ("[T]he continuance itself must be granted before the period sought to be excluded begins to run").

### III.  *Analysis*

The Court finds that an exclusion of time is warranted for the reasons provided in the Government's Motion. (*See* ECF No. 22.) However, the Government seeks for the exclusion of May 17, 2024 to July 17, 2024. (*Id.*) The foregoing caselaw suggests that the Court cannot grant a retroactive continuance (even if the 70 days has not yet run). This calls into question both the Government's request for a continuance dating back to May 17, 2024, as well as the January 29, 2024 continuance granted in this matter, which purported to exclude the time period of January 17, 2024 through March 17, 2024. (ECF Nos. 14, 17.) Therefore, the Court will grant the continuance (tolling), but only from today, May 23, 2024, through July 17, 2024.

The Court will seek additional briefing or a stipulation from the Parties. The Court notes that it appears that only the period between January 17, 2024 through January 26, 2024 and May 18, 2024 through May 22, 2024 are in question. This period of time is far less than the 70 days afforded by the statute. Accordingly, the Parties may consider stipulating as to the exact number of days that have elapsed, i.e., fifteen days or greater, rather than providing the requested briefing. To the extent the Parties choose to brief this issue, they shall address whether the periods from January 17, 2024 through January 26, 2024 (ten days) and May 18, 2024 through May 22, 2024 (five days) may properly be excluded under 18 U.S.C. § 3161(h)(1).

### IV. Conclusion

Accordingly, it is ORDERED that:

1. The Motion for Exclusion of Time is GRANTED IN PART, and it is ORDERED pursuant to 18 U.S.C. § 3161(h)(1) that the period from May 22, 2024 to July 17, 2024 shall be excluded from computation under the Speedy Trial Act; and

2. The Parties are DIRECTED to provide the above-described briefing (or stipulation) on or before June 6, 2024.

DATED this 23 day of May, 2024.

BY THE COURT:

James K. Bredar
United States District Judge