**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| | * | |
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **CRIM. NO. JKB-23-0466** |
| **DORIAN HENRY,** | * | |
| **Defendant.** | * | |

* * * * * * * * * * * *

**MEMORANDUM AND ORDER**

Pending before the Court is correspondence from Dorian Henry regarding time credits. (ECF No. 45.) Henry explains that he was sentenced on November 13, 2024, to 48 months' imprisonment and that the Court "recommend[ed] that the defendant received credit for time served since 07-12-2023" but that his "time stops and starts for no reason." (*Id.*) He explains that he has "wr[itten] to everyone [he] could think of" but that "[they are] saying [his] judgment [and] commitment doesn't say 'shall' [so] they would not give it to me." (*Id.*) The Court understands Henry to be seeking a Court order directing the Bureau of Prisons ("BOP") to credit his time back to July 12, 2023. The Court cannot grant Henry relief.

As relevant for the pending correspondence, Henry's Judgment indicates that he was sentenced on November 13, 2024, to "48 months as to count 1 of the Indictment." (ECF No. 43.) It further indicates that "[t]he Court recommends that the defendant receive credit for time served since 07/12/2023." (*Id.*) The Court so noted because, at sentencing, Henry's counsel explained that July 12, 2023 was the date of Henry's arrest. The Government agreed at sentencing that "as far as [it] kn[ew]," the time was not credited against any other sentence and the Court explained that "the BOP would check that." Henry's BOP records, which are attached to his correspondence,

reflect that he has not been credited time served since July 12, 2023. (*See* ECF No. 45-1.) Instead, the records reflect that he received jail credit for only the following periods of time: July 13, 2023 through August 11, 2023 and March 9, 2024 through November 12, 2024. (*Id.*)

As an initial matter, this is a matter that must be brought pursuant to 28 U.S.C. § 2241, rather than through an informal correspondence. *United States v. Miller*, 871 F.2d 488, 489–90 (4th Cir. 1989) ("A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself" and "[j]udicial review must be sought under 28 U.S.C. § 2241"); *see also United States v. Spears*, 981 F.2d 1252 (4th Cir. Dec. 17, 1992) (noting that in a challenge to calculation of jail credits, "Section 2241 is the appropriate procedural vehicle").

Further, the Government satisfactorily explains the reason for the apparent discrepancy in jail credit. (*See* ECF No. 47.) From July 13, 2023, through August 11, 2023, Henry was held on state charges, which were ultimately dismissed in favor of the federal charges in this case. (*Id.* at 3.) Per his BOP records, Henry has been credited for that time. (ECF No. 45-1.) From August 11, 2023, through December 13, 2023, Henry was not in custody at all and from December 14, 2023, through March 8, 2024, Henry was serving a sentence on a separate state case. (ECF No. 47 at 3.) Henry has not been credited for that time. And from March 9, 2024, through November 12, 2024, Henry was in federal custody. (ECF No. 47 at 3.) Henry has been credited for this time. (ECF No. 45-1.)

18 U.S.C. § 3585(b) provides that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Thus, the BOP appears to have appropriately not given Henry jail credit for the time period from August 11, 2023, through December 13, 2023 (when Henry was apparently not in custody at all) and the time from December 14, 2023, through March 8, 2024 (when Henry was serving an unrelated state sentence).

For the foregoing reasons, the Court cannot grant Henry the relief he seeks in his correspondence.

Dated this 9 day of November, 2026.

BY THE COURT:

James K. Bredar

James K. Bredar
United States District Judge